UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────

№ 02-CV-2438 (JFB) (LB)

───────────────

JUVONDI R. PENDER,

Plaintiff,

VERSUS

STATE OF NEW YORK OFFICE OF MENTAL RETARDATION
AND DEVELOPMENTAL DISABILITIES,
BROOKLYN DEVELOPMENTAL DISABILITIES SERVICES OFFICE,

Defendants.

───────────────

MEMORANDUM AND ORDER
September 12, 2006

───────────────

JOSEPH F. BIANCO, District Judge:

Juvondi R. Pender, plaintiff *pro se*, brought the instant case, alleging employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e*, et seq.,* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. By Memorandum and Order dated July 18, 2006, this Court granted defendants' motion for summary judgment in its entirety and dismissed the complaint. *See Pender v. State of New York Office of Mental Retardation and Developmental Disabilities*, No. 02-CV-2438 (JFB) (LB), 2006 WL 2013863 (E.D.N.Y. July 18, 2006). Plaintiff moves for reconsideration of that judgment, pursuant to Federal Rules of Civil Procedure 59 and 60. For the reasons stated below, plaintiff's motion is denied.

I. STANDARD OF REVIEW

The standards controlling a motion for reconsideration are set forth in Local Civil Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure. Such motions are subject to a strict standard–"reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *see also Green v. City of N.Y.,* No. 05-CV-0429 (DLI) (ETB), 2006 WL 2516468, at *1 (E.D.N.Y. Aug. 29, 2006). "The major grounds justifying reconsideration are an

intervening change of controlling law, the availability of new evidence or the need to correct a clear error or to prevent manifest injustice." *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000); *see also Hightower v. Nassau County Sheriff's Dept.,* 343 F. Supp. 2d 191, 192 (E.D.N.Y. 2004) (quoting *Tenzer*). A motion for reconsideration is not intended to be a substitute for an appeal, and should not be granted when it "seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *Green*, 2006 WL 2516468, at *1 ("A party cannot merely reiterate or repackage an argument previously rejected by the court; that argument is for appeal.") (internal citation and quotation omitted).

A similarly strict standard applies to motions made for relief from a final judgment, order or proceeding pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. "Because 'final judgments should not be lightly reopened, Rule 60(b) may not be used as a substitute for timely appeal . . . . Since 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances." *Central Vt. Public Service Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61-62 (2d Cir. 1986)). According to the terms of the rule, relief may be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). The provisions are mutually exclusive, *see Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 393 (1993), and a court "may treat a motion to vacate a prior judgment as having been made under 60(b)(6) only if the other, more specific grounds for relief encompassed by the rule are inapplicable." *Maduakolam v. Columbia University*, 866 F.2d 53, 55 (2d Cir. 1989); *see also Oparaji v. N.Y. Dept. of Educ.,* No. 00-CV-5953 (ENV) (VVP), 2006 WL 2220836, at *2 (E.D.N.Y. July 20, 2006) (quoting *Maduakolam*). However, relief under the catch-all provision of Rule 60(b)(6) is reserved for cases presenting "extraordinary circumstances." *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001).

II. DISCUSSION

Plaintiff's motion for reconsideration under Rules 59 and 60 lacks merit. Plaintiff's motion does not point to any authority or evidence that the Court overlooked in granting summary judgment. Similarly, the plaintiff has not provided any argument for relief which falls into any of the specific grounds for relief enumerated in Rule 60(b)(1)-(5), and does not present "extraordinary circumstances," justifying relief under the catch-all provision of 60(b)(6).

Instead, plaintiff begins with an unfounded allegation that the Court conducted

an *ex parte* hearing with regards to the adjudication of defendant's motion for summary judgment. This is plainly false–the Court decided the summary judgment motion on submission of the briefs, without oral argument, and has not had any *ex parte* communication with either of the parties in this case as to any substantive issues.[1]

Additionally, plaintiff's motion also attaches certain evidence that was part of the record at the time defendant moved for summary judgment. However, this evidence is not probative of his discrimination claims and do not affect this Court's determination that summary judgment, dismissing the case, was appropriate. First, plaintiff attaches a series of documents indicating that, after he was terminated from the employ of the defendants, his position was filled by a Derrick Hamilton, a black male. Although the fact that plaintiff was replaced by someone of the same race does not preclude the establishment of a *prima facie* case of discrimination,[2] this does not constitute affirmative evidence from which a reasonable jury could infer that plaintiff was terminated or denied promotions under circumstances giving rise to racial discrimination. *See Pender*, 2006 WL 2013863, at *5-*7 (finding summary judgment warranted because the record lacked "evidence from which a reasonable jury could infer that plaintiff was terminated or denied promotions under circumstances giving rise to racial discrimination."). Additionally, as evidence, plaintiff attaches notices of various job postings available at public entities, such as the Manhattan and Bronx Surface Transit Operating Authority. As the Court previously noted in the Memorandum and Order granting summary judgment, this evidence does not support his failure-to-promote claim against the defendants because it does not competently depict a job at one of the *defendant* organizations for which there exists record evidence that plaintiff is able to perform. *See id.,* at *6 & n.6 (rejecting similar evidence of job postings at entities other than the defendants).

Finally, plaintiff's motion merely reiterates arguments made in opposition to defendant's motion for summary judgment. The Court finds these arguments to be without merit for the reasons set forth in the prior Memorandum and Order, and there is no basis for reconsideration.

---

[1] In a previous application, dated July 8, 2006, plaintiff alleged that the Court conducted an improper *ex parte* communication with the defendants, and objected to such communication. In that application, plaintiff attached as evidence a cover letter transmitted from defendants to the Court, and copied to plaintiff, noting that the complete transcript of plaintiff's deposition was attached at the request of chambers. A law clerk had contacted defendants to request a full copy of plaintiff's deposition, in order to confirm the accuracy of the passages quoted by defendants in their motion for summary judgement, in context of the entire deposition. The entire deposition transcript was then submitted by the defendants to the Court with notice to the plaintiff. The Honorable Lois Bloom, United States Magistrate Judge, properly denied plaintiff's objection by order dated July 14, 2006. To the extent that plaintiff renews his objection, it is denied as without merit.

[2] *See Brown v. Henderson*, 257 F.3d 246, 253 (2d Cir. 2001) (citing with approval *Carson v. Bethlehem Steel Corp.,* 82 F.3d 157, 158 (7th Cir. 1996), which rejected the argument that plaintiff's replacement by a worker of the same race precluded the establishment of a *prima facie* case of race discrimination).

3

### III. CONCLUSION

In sum, plaintiff's motion for reconsideration under Rules 59 and 60 of the Federal Rules of Civil Procedure is DENIED.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 12, 2006
Central Islip, New York

\* \* \*

The plaintiff appeared *pro se* in this action. The attorneys for the defendants are Eliot Spitzer, Esq., Attorney General of the State of New York, by Marc A. Konowitz, Esq., Assistant Attorney General, 120 Broadway, New York, New York 10271.